## THE MARY S. BRADSHAW.

### (District Court, E. D. New York. July 15, 1907.)

CUSTOMS AND USAGES—SHIPPING—DEMURRAGE—CHARTER PARTY.

Where a charter party provides for lay days for loading in specific terms, the contract cannot be affected by any custom of the port.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs and Usages, § 34.]

In Admiralty. Suit for demurrage.

Hyland & Zabriskie, for libelant.
Williams, Folsom & Strouse, for claimant.

CHATFIELD, District Judge. The libelant claims demurrage for the detention of the schooner Mary S. Bradshaw at Bermuda Hundreds, Va., whither she had proceeded under charter party to receive a cargo of lumber. The charter party contained the following provision:

"It is agreed that the lay days for loading and discharging shall be as follows (if not sooner dispatched) commencing 24 hours from the time the vessel is ready to receive or discharge cargo 30 M feet per day, Sundays and legal holidays excepted to be allowed for loading, and New York Maritime Association rules for discharging. And that for each and every days detention by

default of the said party of the second part, or agent, thirty-seven dollars per day, day by day, shall be paid by said party of the second part or agent, to the said party of the first part, or agent. The cargo or cargoes to be received and delivered alongside."

This charter party was signed on behalf of the claimant, as follows: "B. W. Lear, Ellington & Guy, per Telegraphic Attorney, Andrew J. Bailey."

It appears from the evidence that, after correspondence, Mr. Bailey was directed by the claimant to enter into the agreement and charter the vessel on behalf of Ellington & Guy, who were desiring to ship a cargo. The Bradshaw reported at Bermuda Hundreds, on Friday, July 27, 1906, at 7 a. m. On August 6th she was transferred to a more convenient berth at the northern end of the same wharf, some cargo placed on board upon the 7th, and on the morning of the 8th the loading was actually begun. The loading was completed on Friday, August 17th, at 9 a. m., and upon the evidence the libelant is entitled to recover, under the terms of the charter party, which was executed by authority, and formed the contract under which the parties were acting.

The evidence offered relating to a custom prevailing at Bermuda Hundreds, with reference to the assignment of a wharf, could not vary the written contract as entered into by the parties. Carbon Slate Co. v. Ennis, 114 Fed. 260, 52 C. C. A. 146. Both parties may be assumed to have had knowledge of this custom. Yet, if the charterer desired to use the port of Bermuda Hundreds for loading, he should have seen to it that the charter contained a provision protecting him from any delay caused by the enforcement of harbor customs. The owner of the Bradshaw, making the charter, had a right to assume that the charterer could carry out his contract without reference to the custom.

According to the customary method of computation, nine days demurrage, amounting to $333, was incurred, for which the libelant may have a decree, together with interest and costs.